IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SNOWIZARD, INC.** | ) | **CIVIL ACTION CASE NO.** |
| vs. | ) | |
| | ) | **SECT.** |
| | ) | |
| **SNOWIE, LLC** | ) | |
| | ) | **MAGISTRATE** |
| | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION

**NOW INTO COURT**, though undersigned counsel comes Plaintiff, SnoWizard, Inc. (hereinafter "Plaintiff" or "SnoWizard"), which respectfully avers that:

*Parties*

**1.**

Plaintiff, SnoWizard, Inc., (SnoWizard"), a Louisiana corporation with its principal place of business in Jefferson, Jefferson Parish, Louisiana.

**2.**

Defendant is Snowie, LLC ("Snowie"), a Utah corporation with its principal place of business in Salt Lake City, Utah.

*Jurisdiction and Venue*

**3.**

This is an action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §1051 *et seq.*, and subject matter jurisdiction herein is based upon 15

1

U.S.C. §1121 and 28 U.S.C. §§1331 and 1338.

**4.**

Additionally, this is an action for trademark infringement, unfair competition and dilution of trademarks arising under state and common law doctrines of trademark protection and unfair competition, La. C.C. art. 2315 and the Louisiana Anti-Dilution Statute, La. R.S. 51:223.1. Accordingly, supplemental subject matter jurisdiction herein is based upon 28 U.S.C. §§1338(b) and 1367(a).

**5.**

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Snowie is doing business and resides in this district, and a substantial part of the events giving rise to SnoWizard's claims herein occurred in this district.

*Facts Supporting Claims Against Snowie for Infringement and Unlawful Use of the Registered Mark PUCKER®*

**6.**

On September 12, 2012, the United States Patent and Trademark Office issued to Plaintiff Certificate of Registration No. 4210460 for the mark PUCKER for use with flavoring concentrates for shaved ice confections. A copy of the registration is attached hereto as Exhibit A.

**7.**

Although the registration claims a date of first use in commerce of July 16, 2012, Plaintiff has established a constructive date of first use in commerce as of February 25, 2010 pursuant to 15 U.S.C. §1057(c), the date the application for registration was filed.

8.

The trademark PUCKER is arbitrary and fanciful as applied to the corresponding food flavoring concentrate manufactured by SnoWizard.

9.

In addition, as a result of SnoWizard's continuous and exclusive use of the trademark PUCKER, the mark has acquired a high degree of distinctiveness and secondary meaning among its customers, who associate the mark with the corresponding flavoring concentrate manufactured by SnoWizard.

10.

The trademark PUCKER represents a substantial investment of time, money and goodwill by SnoWizard.

11.

SnoWizard owns a protectable, proprietary interest in the trademark PUCKER.

12.

SnoWizard has the exclusive rights to use and exclude others from using the trademark PUCKER in the State of Louisiana and in interstate commerce on and in connection with food flavorings and related goods.

13.

Snowie directly competes with SnoWizard in the same market, namely the sale of flavorings for shaved ice confections.

14.

SnoWizard has discovered that Snowie is using the mark "PUCKER" in commerce in

connection with the sale, offering for sale and advertising for sale of a "flavor pack" for shaved ice confections. See Exhibit "B."

**15.**

At all pertinent times, Snowie had actual and constructive notice of SnoWizard's use and ownership of the trademark PUCKER in connection with flavorings for shaved ice confections and of the federal registration of the trademark PUCKER.

**16.**

Snowie's use of the mark "PUCKER" in connection with the sale, offering for sale, and advertising for sale of a flavoring pack for shaved ice confections began well after SnoWizard's prior continuous and exclusive use of the trademark PUCKER in commerce on and in connection with a food flavoring concentrate for shaved ice confections to vendors of shaved ice confections and other confectioners; such use was and is intended to and is likely to injure SnoWizard's business reputation and to dilute the distinctive quality of SnoWizard's trademark; such use was and is intended to and is likely to cause confusion and mistake among vendors of shaved ice confections; such use was and is intended to and is likely to deceive consumers as to the affiliation, connection and association of Snowie with SnoWizard and as to the origin, sponsorship, and approval of Snowie's commercial activities by SnoWizard; and such use misrepresents the nature, characteristics and qualities of Snowie's commercial activities.

**17.**

Notwithstanding Snowie's knowledge of SnoWizard's prior use and ownership of the trademark PUCKER, Snowie has continued and threatens to continue its use of the mark "PUCKER" in violation of SnoWizard's exclusive rights, with intent to trade on SnoWizard's

reputation, and with knowledge that such use is intended to and is likely to cause confusion, mistake, injury and dilution, and to deceive and misrepresent, and Snowie has made and/or is threatening to make profits from said use, which profits rightfully belong to SnoWizard.

**18.**

Snowie's knowing and wilful use of the mark "PUCKER" in connection with the sale, offering for sale, and advertising for sale of a flavoring pack for shaved ice confections has caused and threatens to cause SnoWizard to suffer substantial damages and has deprived and threatens to deprive SnoWizard of substantial gains and profits.

**19.**

Unless this Court enjoins Snowie from continuing to use the mark "PUCKER" in connection with the sale, offering for sale and advertising for sale of a flavoring pack for shaved ice confections, SnoWizard will be irreparably harmed and will suffer substantial damages.

**20.**

SnoWizard presently has no means of ascertaining the full extent of Snowie's use of the mark "PUCKER" in connection with the sale, offering for sale and advertising for sale of a flavoring pack for shaved ice confections, or of the amount of its damages or Snowie's profits resulting from said use, except through the production of evidence thereof now in Snowie's possession and control.

### A. *Federal Trademark Infringement*

**21.**

SnoWizard re-alleges, adopts and incorporates by reference in this claim for relief against Snowie all of the allegations and averments contained in paragraphs 6-20.

**22.**

By using a mark identical to the federally registered trademark PUCKER in commerce in connection with the sale, offering for sale and advertising for sale of a flavoring for shaved ice confections without SnoWizard's consent and in violation of SnoWizard's exclusive rights to use and exclude others from using the trademark PUCKER, Snowie knowingly and wilfully infringed and continues to infringe said trademark.

**23.**

Snowie's knowing and wilful use of the mark "PUCKER" in commerce in connection with the sale, offering for sale and advertising for sale of a flavoring for shaved ice confections is likely to cause confusion, to cause mistake and to deceive consumers as to the source of Snowie's goods in violation of 15 U.S.C. §1114.

**24.**

Snowie has knowingly and wilfully directly infringed, contributorily infringed and actively induced others to infringe the trademark PUCKER, and it continues to do so.

**25.**

By reason of the foregoing, SnoWizard has been injured, will continue to be injured in amounts not yet ascertained and will be irreparably injured, entitling SnoWizard to the remedies provided for in 15 U.S.C. §§1116-1118, including but not limited to preliminary and permanent injunctive relief and awards of Snowie's profits,

SnoWizard's damages, increased damages, reasonable attorney fees, costs and interest.

## *B. Federal Unfair Competition*

**26.**

SnoWizard re-alleges, adopts and incorporates by reference in this claim for relief against Snowie all of the allegations and averments contained in paragraphs 6-20.

**27.**

By using a mark identical to the trademark PUCKER in commerce in connection with the sale, offering for sale and advertising for sale of a flavoring pack for shaved ice confections without SnoWizard's consent and in violation of SnoWizard's exclusive rights to use and exclude others from using the trademark PUCKER, Snowie has knowingly and wilfully engaged in unfair competition with SnoWizard and is continuing to do so.

**28.**

Snowie's knowing and wilful use of the mark "PUCKER" in commerce in connection with the sale, offering for sale and advertising for sale of a flavoring pack for shaved ice confections is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection, and association of Snowie with SnoWizard and as to the origin, sponsorship and approval of Snowie's commercial activities by SnoWizard, and misrepresents the nature, characteristics, and qualities of Snowie's commercial activities, all in violation of 15 U.S.C. §1125(a).

**29.**

By reason of the foregoing, SnoWizard has been injured, will continue to be injured in amounts not yet ascertained, and will be irreparably injured, entitling SnoWizard to the remedies provided for in 15 U.S.C. §§1116-1118, including but not limited to preliminary and permanent injunctive relief and awards of Snowie's profits, SnoWizard's damages, increased damages, reasonable attorney fees, costs, and interest.

*C. State Unfair Competition*

**30.**

SnoWizard re-alleges, adopts and incorporates by reference in this claim for relief against Snowie all of the allegations and averments contained in paragraphs 6-20.

**31.**

By using a mark identical to the trademark PUCKER in commerce in connection with the sale, offering for sale and advertising for sale of a flavoring for shaved ice confections where such use was intended to and was likely to cause confusion or mistake or to deceive as to the source of origin of such goods, and by using and colorably imitating said trademark and applying such trademark and colorable imitations to labels, signs, prints and advertisements intended to be used in conjunction with the sale of goods in the State of Louisiana, all without SnoWizard's consent and in violation of SnoWizard's exclusive rights to use and exclude others from using said trademark in the State of Louisiana, Snowie has knowingly and wilfully engaged in unfair competition

with SnoWizard and is continuing to do so.

**32.**

Snowie's knowing and wilful use of the mark "PUCKER" in commerce and in the State of Louisiana in connection with the sale, offering for sale and advertising for sale of a food flavoring concentrate for shaved ice confections to vendors of shaved ice confections is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection and association of Snowie with SnoWizard and as to the origin, sponsorship and approval of Snowie's commercial activities by SnoWizard, and misrepresents the nature, characteristics, and qualities of Snowie's commercial activities, all in violation of the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405 *et seq*. and La. C.C. art. 2315.

**33.**

By reason of the foregoing, SnoWizard has been injured, will continue to be injured in amounts not yet ascertained, and will be irreparably injured, entitling SnoWizard to appropriate relief including but not limited to preliminary and permanent injunctive relief and awards of Snowie's profits, SnoWizard's damages, costs and interest.

### D. State Dilution of Trademarks

**34.**

SnoWizard re-alleges, adopts and incorporates by reference in this claim for relief

against Snowie all of the allegations and averments contained in paragraphs 6-20.

**35.**

Snowie's knowing and wilful use of the mark "PUCKER" in commerce in connection with the sale, offering for sale and advertising for sale of a flavoring for shaved ice confections has substantially injured SnoWizard's business reputation and has diluted the distinctive quality of SnoWizard's trademark PUCKER in violation of La. R.S. 51:223.1.

**36.**

By reason of the foregoing, SnoWizard has been injured, will continue to be injured in amounts not yet ascertained, and will be irreparably injured, entitling SnoWizard to the remedies provided for in La. R.S. 51:223.1 including, but not limited to, preliminary and permanent injunctive relief and costs.

WHEREFORE, Plaintiff, SnoWizard, prays for judgment in its favor and against Defendants, Snowie, LLC., as follows:

(a) Pursuant to 15 U.S.C. §§ 1116(a) and/or 1125(c),the Louisiana law of unfair competition and/or La. C.C. art. 2315, and/or La. R.S. 51:223.1, preliminarily and permanently enjoining Snowie, its officers, agents, servants, employees, and all persons in concert or participation with Snowie as follows:

>  (i) from using the marks or any colorable imitations of the mark PUCKER in commerce in connection with the sale, offering for sale, or advertising for sale

of a flavoring for shaved ice confections and from otherwise infringing and counterfeiting said marks; and

   (ii) from otherwise competing unfairly with SnoWizard.

 (b) Pursuant to 15 U.S.C. § 1118, ordering Snowie to file with the Court and serve on SnoWizard, within thirty (30) days after service of the preliminary and permanent injunctions, reports in writing under oath setting forth in detail the manner and form in which Snowie has complied with the injunctions;

 (c) Pursuant to 15 U.S.C. §§ 1117(a) and/or 1125(c), and/or the Louisiana law of unfair competition and/or La. C.C. art. 2315, ordering Snowie to account for and pay over to SnoWizard all gains, profits, and advantages realized by Snowie and awarding all damages SnoWizard has sustained as a result of Snowie's unlawful use of the mark PUCKER or colorable imitations thereof;

 (d) Pursuant to 15 U.S.C. §§ 1117(a) and (b), awarding increased damages in the amount of three times the damages sustained by SnoWizard, together with pre-judgment and post-judgment interest, costs and expenses;

 (e) Pursuant to 15 U.S.C. §§ 1117(a), awarding reasonable attorney fees to SnoWizard in connection with this matter;

 (f) Awarding such other and further relief as the Court deems just and equitable in the premises and all such relief to which SnoWizard is entitled.

RESPECTFULLY SUBMITTED,

<u>/kenneth l. tolar/</u>
Kenneth L. Tolar (Bar #22641)
2908 Hessmer Avenue, Suite 2
Metairie, Louisiana 70002
Telephone: (504) 780-9891
Facsimile: (504) 780-7741
Email: tolar@tolarlawoffice.com


Jack E. Morris (Bar No. 22539) (T.A.)
Attorney At Law
4051 Veterans Boulevard, Suite 208
Metairie, Louisiana 70002
Telephone: (504) 454-2769
Facsimile: (504) 454-3855
Email: Jem@Jemorrislaw.Com


***ATTORNEYS FOR SNOWIZARD, INC.***